UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA C. GOMEZ,

                Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

19-CV-09278 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Lisa C. Gomez ("Plaintiff") initiated this action on October 7, 2019 seeking review of a final administrative decision rendered by the Commissioner of Social Security ("Commissioner") denying her application for benefits under Title II of the Social Security Act. (Doc. 1). On October 9, 2019, this matter was referred to Magistrate Judge McCarthy. (Doc. 6). On April 22, 2020, Plaintiff filed a motion for judgment on the pleadings. (Doc. 18; Doc. 19). Magistrate Judge McCarthy, in a December 23, 2020 Report and Recommendation, recommended that this Court grant Plaintiff's motion for judgment on the pleadings in part and remand this case pursuant to 42 U.S.C. § 405(g) for further proceedings. (Doc. 28). Plaintiff's attorneys, Christopher James Bowes ("Bowes") and David Kuznicki ("Kuznicki" and together, "Counsel"), now requests attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $24,763.23, which represents 25 percent of past-due benefits, reduced by fees provided by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] (Doc. 36, "Notice of Motion"; Doc. 37, "Bowes Decl."; Doc. 38, "Counsel Br."). Defendant did not file an objection or otherwise oppose Counsel's instant motion.

---

[1] Plaintiff retained Kuznicki on October 7, 2019 to draft the Complaint and initiate this action. (Bowes Decl., Ex. A). Bowes filed a Notice of Appearance on March 5, 2020. (Doc. 11). Kuznicki entered into the contingent fee agreement with Plaintiff. (*Id.*). The billing records submitted in support of the instant motion show that Kuznicki performed 5 hours of work and Bowes performed 32.8 hours of work. (*Id.*, Ex. B).

For the reasons below, the Court grants Counsel's motion for attorneys' fees.

## STANDARD OF REVIEW

Section 406(b) of the Social Security Act states that when a disability claimant succeeds in federal court, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). To the extent a contingency fee arrangement exists, courts must look first to the agreement to assess its reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002) ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results").

Courts in this district generally assess three factors when considering whether the fee sought is reasonable: "1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called 'windfall' factor." *Valle v. Colvin*, No. 13-CV-2876, 2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 322 (S.D.N.Y. 2007)); *see also Gisbrecht*, 535 U.S. at 808. Courts also look to "whether there has been fraud or overreaching in making the agreement." *Wells*, 907 F.2d at 372.

## DISCUSSION

Counsel seeks 25 percent of Plaintiff's past-due benefits—or $24,763.23—as allowed by 42 U.S.C. § 406(b)(1)(A) and by the contingency fee agreement, reduced by the EAJA award already received by Counsel, in the net amount of $17,363.23. (Bowes Decl. ¶¶ 17, 37). The $24,763.23 contingency fee sought divided by the 37.8 hours expended on this matter yields an

2

hourly rate $655.11.[2] (*Id.* ¶ 26). The fee sought does not exceed the statutory cap, nor is there any indication of fraud or overreaching in the making of the contingency fee agreement. (*Id.*, Ex. A). There is no indication of any purposeful delay imposed by Counsel in an effort to increase the total benefits award. The fee award sought is also line with the character of the representation and the results the representation achieved as Counsel "obtained positive results for [Plaintiff], prevailing on a motion for judgment on the pleadings and securing a remand to the Commissioner for further proceedings." *Almodovar v. Saul*, No. 16-CV-7419, 2019 WL 7602176, at *2 (S.D.N.Y. Oct. 4, 2019).

The only question that remains, then, is whether a $24,763.23 award would be a windfall to Counsel. "In other words, whether the benefits to be awarded are large in comparison to the amount of time [they] spent on the case." *Gokey v. Berryhill*, No. 18-CV-658, 2021 WL 5014576, at *2 (S.D.N.Y. Oct. 27, 2021). Regarding a potential windfall, courts must consider "more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Specifically, courts should also consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits

---

[2] The Second Circuit held in *Fields v. Kijakazi* that in assessing a contingency fee arrangement in a social security case, "courts must consider more than the de facto hourly rate." 24 F.4th 845, 854 (2d Cir. 2022) (citing *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010)). While Counsel's hourly rate may not be dispositive in answering the question of whether the attorneys' fees sought here are reasonable, other courts in this Circuit have found similar hourly rates to be reasonable in the context of social security cases. *See Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-02496, 2023 WL 5310742, at *3 (E.D.N.Y. Aug. 17, 2023) (approving a fee award request which resulted to a *de facto* hourly rate of $790); *Thomassian v. Kijakazi*, No. 20-CV-04212, 2023 WL 4707826, at *3 (E.D.N.Y. July 24, 2023) (approving a fee award which resulted in a *de facto* hourly rate of $787.97).

and the effort it took to achieve that result." *Id.* at 854-855. The Court addresses each of these windfall factors *seriatim*.

    I.    <u>Ability, Expertise, and Efficiency</u>

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the 37.8 hours Counsel spent working on Plaintiff's case is a reasonable amount of time for Counsel to spend with their experience. *See Gokey*, 2021 WL 5014576, at *2. (holding that Bowes spending 34.9 hours on a comparable case was a reasonable); *see also Borus v. Astrue*, No. 09-CV-4723, 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (noting that courts find "twenty to forty hours" to be a reasonable amount of time to spend on a Social Security case); *Pelaez v. Berryhill*, No. 12-CV-7796, 2017 WL 6389162, at *2 (S.D.N.Y. Dec. 14, 2017) ("Bowes spent a total of 34.3 hours working on Pelaez's case, which is a reasonable number of hours given his work."). Bowes has "over twenty-five years' experience litigating Social Security cases at the administrative level and in federal court" and has served as counsel in "over 1,000 civil actions in district court challenging the final determination of the [SSA] with respect to disability and non-disability determinations." (Bowes Decl. ¶ 30). Although Kuznicki has not submitted a declaration in support of the instant motion, as Magistrate Judge Pollak noted in *Cruz-Hernandez v. Saul*, "[Kuznicki] has frequently appeared in Social Security matters." No. 18-CV-6353, 2021 WL 7906538, at *1 (E.D.N.Y. Aug. 30, 2021) (collecting cases).

Accordingly, the first windfall factor supports the conclusion that the fee requested is not a windfall.

    II.    <u>Nature and Length of the Professional Relationship</u>

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" Kuznicki represented Plaintiff both

4

at the agency level and in this action, while Bowes represented Plaintiff solely in this action. Kuznicki's professional relationship with Plaintiff was built "over multiple rounds of representation before the agency and court" and Bowes' representation in this action spanned over one year.

Accordingly, the second windfall factor supports the conclusion that the fee requested is not a windfall.

### III. Satisfaction of the Disabled Claimant

Third, with respect to "the satisfaction of the disabled claimant," the Court finds that Counsel achieved a desirable result for Plaintiff. Although there is no submission from Plaintiff supporting or opposing Counsel's request for fees, "[P]laintiff received a favorable result from this action; she was awarded benefits for the entirety of her alleged disability period." *Munoz v. Comm'r of Soc. Sec.,* No. 20-CV-2496, 2023 WL 5310742, at *3 (E.D.N.Y. Aug. 17, 2023).

Accordingly, the third windfall factor supports the conclusion that the fee requested is not a windfall.

### IV. Uncertainty that the Case Would Result in an Award of Benefits

Fourth, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that the parties contested this case and fully briefed the motion for judgment on the pleadings.

Accordingly, the fourth windfall factor supports the conclusion that the fee requested is not a windfall. *Compare Tetmeyer v. Comm'r of Soc. Sec.*, No. 16-CV-3074, 2022 WL 4661466, at *3 (E.D.N.Y. Sept. 30, 2022) (no downward adjustment warranted where "the parties vigorously contested this case") *with Sestito v. Comm'r of Soc. Sec.,* No. 20-CV-3538, 2022 WL 14760733,

at *4 (E.D.N.Y. Oct. 25, 2022) (downward adjustment justified where "the SSA stipulated to remand after the opening brief").

## CONCLUSION

For the foregoing reasons, the Court GRANTS Counsel's motion for attorneys' fees and approves an award of fees in the amount of $24,763.23, for which $7,400 has already been paid to Counsel, leaving a balance due of $17, 363.23 pursuant to 42 U.S.C. § 406(b), to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past due benefits.

**SO ORDERED.**

Dated: White Plains, New York
November 1, 2023

_____
PHILIP M. HALPERN
United States District Judge